Daniel G. Ruggiero
Attorney for Plaintiff
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue
Englewood Cliffs, NJ 07632
(P) 201-461-0059 ext. 7011
(F) 201-608-7116

Attorney for Plaintiff
DANIEL G. RUGGIERO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BENZ & ANN BENZ, <br><br> Plaintiff's, <br><br> vs. <br><br> ASHTON & WEINBERG, INC, <br><br> Defendant | Case No.: 15 1220 <br><br> CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs, Nicholas Benz & Ann Benz, on behalf of themselves (hereinafter collectively "Plaintiffs"), by and through his undersigned attorney, alleges against the Defendant, Ashton & Weinberg, Inc (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair collections practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.  Plaintiff, Ann Benz, is a natural person, who at all relevant times has resided in the city of Temple, Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.  Plaintiff, Nicholas Benz, is a natural person, who at all relevant times has resided in the city of Temple, Pennsylvania and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant is corporation and does business in the State of Pennsylvania, with its corporate mailing address as 7 Austin Ave, Suite 2, Greenville, Rhode Island, 02828, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

7.  On or about September 9, 2014, Plaintiff Nicholas Benz fielded a phone call from Defendant. Defendant was calling to collect a debt allegedly due and owing.

8.  During the course of this phone call, Defendant verbally abused Plaintiff Nicholas Benz ("Nicholas"). Defendant advised that Nicholas was "playing the debtor game," advised that Nicholas was a "scumbag" and a "deadbeat," and on a final note the Defendant advised that they would "force a bankruptcy because unlike most collection companies, they sue."

9.  At a particular point in the phone call, Defendant asked to speak with Plaintiff Anna Benz ("Anna"). While on the phone Anna, Defendant asked Anna to confirm that a home delivery of oil had been provided to the Plaintiff's home, to which Anna agreed. Defendant then stated, "you haven't paid a dime for the service." Anna proceeded to advise that the reason for payment was her husband's illness and that they haven't been able to pay. Anna then advised that she had to go to work, to which Defendant advised, "That's great…not that many people can buy a $15,000.00 vehicle."

10. Defendant continued on his course of abusive rhetoric when advised that as Plaintiff could not afford to pay for alleged debt, she had lied about her ability to pay for a new vehicle with what is believed to be GMAC. During the course of the call Anna and Nicholas begin to engage in discussion between themselves, to which Defendant tells Plaintiff Nicholas Benz to "stop being a control freak."

11. Defendant's actions during the course of this call are nothing short of abusive.

12. Sometime after this call, Plaintiffs'' retained the services of the Law Offices of Michael Lupolover, P.C. ("LOML"). A letter of representation was sent to Defendant and negotiations on the file took place between LOML and Rhode Island based attorney Jules D'Alessandro. Defendant was on actual notice of Plaintiffs' representation by LOML from September 9, 2014 to present day.

13. In disregard of the fact that Plaintiffs were represented by counsel, Defendant placed a phone call in furtherance of the collection of the alleged debt to Plaintiff Nicholas Benz's cellular phone on December 31, 2014.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e (11)

*(As to both Plaintiffs)*

14. Plaintiff repeats the allegations contained in paragraphs 1 through 13 and incorporates them as if set forth at length herein.

15. On or about September 9, 2014, Plaintiff Nicholas Benz fielded a phone call from Defendant. Defendant was calling to collect a debt allegedly due and owing.

16. During the course of this phone call, Defendant verbally abused Plaintiff Nicholas Benz ("Nicholas"). Defendant advised that Nicholas was "playing the debtor game," advised that

Nicholas was a "scumbag" and a "deadbeat," and on a final note the Defendant advised that they would "force a bankruptcy because unlike most collection companies, they sue."

17.     At a particular point in the phone call, Defendant asked to speak with Plaintiff Anna Benz ("Anna"). While on the phone Anna, Defendant asked Anna to confirm that a home delivery of oil had been provided to the Plaintiff's home, to which Anna agreed. Defendant then stated, "you haven't paid a dime for the service." Anna proceeded to advise that the reason for payment was her husband's illness and that they haven't been able to pay. Anna then advised that she had to go to work, to which Defendant advised, "That's great…not that many people can buy a $15,000.00 vehicle."

18.     Defendant continued on his course of abusive rhetoric when advised that as Plaintiff could not afford to pay for alleged debt, she had lied about her ability to pay for a new vehicle with what is believed to be GMAC. During the course of the call Anna and Nicholas begin to engage in discussion between themselves, to which Defendant tells Plaintiff Nicholas Benz to "stop being a control freak."

19.     Defendant's actions during the course of this call are nothing short of abusive and violate 15 U.S.C. §§ 1692(d) & 1692(f) as to both Plaintiffs.

20.     As a direct result of Defendant's actions, Plaintiff has been damaged.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692d(6)

*(As to Plaintiff Anna Benz only)*

21.     Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates same as if set forth at length herein.

22. Shortly after the abusive phone call by Defendant, Plaintiffs' retained the services of the Law Offices of Michael Lupolover, P.C. ("LOML"). A letter of representation was sent to Defendant and negotiations on the file took place between LOML and Rhode Island based attorney Jules D'Alessandro. Defendant was on actual notice of Plaintiffs' representation by LOML from September 9, 2014 to present day.

23. In disregard of the fact that Plaintiffs were represented by counsel, Defendant placed a phone call in furtherance of the collection of the alleged debt to Plaintiff Nicholas Benz's cellular phone on December 31, 2014.

24. Defendant's actions in placing the call, with actual knowledge of the representation of Plaintiffs by LOML, is violative of 15 U.S.C. § 1692(c)(a)(2), as to Plaintiff Anna Benz.

25. As a direct result of Defendant's actions, Plaintiff has been damaged.

## JURY TRIAL DEMAND

23. Plaintiff demands a trial by jury on all issues so triable.

*Remainder of Page Intentionally Left Blank*

## **RELIEF**

WHEREFORE, Plaintiffs, Anna & Nicholas Benz, request that this Court enter judgment against the Defendant, and on behalf of Plaintiffs for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), separately for both Anna Benz and Nicholas Benz ;

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $2,000.00, for both Anna Benz and Nicholas Benz;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) separately for both Anna Benz and Nicholas Benz;

e. That the Court grant such other and further relief as may be just and proper.

Dated February 16, 2015

Respectfully Submitted,

Daniel G. Ruggiero
Attorney for Plaintiff
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue
Englewood Cliffs, NJ 07632
(P) 201-461-0059 ext. 7011
(F) 201-608-7116